In re MILO RIDGE RESORT & EXECU-
TIVE CONFERENCE CENTER d/b/a
Rose Island Yacht Club, George Dumstorf, Jr., General Partner, Debtor.

UNITED KENTUCKY BANK,
INC., Plaintiff,

v.

MILO RIDGE RESORT & EXECUTIVE CONFERENCE CENTER d/b/a Rose Island Yacht Club, George Dumstorf, Jr., General Partner, Defendant.

Bankruptcy No. 3–82–02467.
Adv. No. 3–82–0423.

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 6, 1983.

See also, Bkrtcy. 26 B.R. 277.

Stewart E. Bland, Louisville, Ky., for plaintiff.

Fonda V. McClellan, LaGrange, Ky., for defendant.

MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on complaint of United Kentucky Bank to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(2), and other pertinent authority contained in paragraph (8) of the complaint, as it pertains to real estate, more particularly described in paragraph (10) of the complaint. An answer on behalf of the debtor-in-possession was filed, and a hearing on the merits was conducted on January 5, 1983.

11 U.S.C. § 362(d)(2), in its pertinent part, states as follows:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

281

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

In addition, § 362(g) states:

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

The evidence presented at the aforesaid hearing established the following relevant facts:

Plaintiff's expert witness as to real estate values, Mr. Charles Brown, testified that an appraisal of the property (Plaintiff's Exhibit # 1), was made using similar comparables, and by utilizing the income approach for valuation purposes. His testimony as to the real estate in question values it at the sum of Five Hundred Thirty Six Thousand Five Hundred and No/100 Dollars ($536,500.00).

The expert witness called by the defendant-debtor likewise testified as an expert on real estate valuations, and submitted a copy of his appraisal of the property (Defendant's Exhibit # 1) using a cost analysis approach as the basis for his opinion resulting in a valuation of One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00).

Further, both appraisals agree that the highest and best use of the real estate in question is the actual usage in which the land is currently being employed, and that each of these appraisals of the current valuation took into consideration the continued usage of the land in this manner. Both valuation methods relied at least in part on projections of future income and expectancies of future potential development in the respective establishments of current value of the property.

The debtor-in-possession, by and through its sole general partner, testified that negotiations and contingent commitments for new investment money in the sum of $450,000.00 have been secured and that said new investor financing now in process and, contingent upon the outcome of the issues here presented, could be finalized within sixty (60) days. This new financing, if consummated, would provide for the total liquidation of the sum due and owing the plaintiff herein. It was further admitted through testimony of the general partner, as well as the representative of plaintiff, that United Kentucky Bank is owed the sum of $1,000,000.00 secured by the real estate in question at whatever its finally determined valuation, as well as $2,000,000.00 in personal guarantees extended by eight of the limited partners, each being individually responsible thereon for $250,000.00.

The defendant, through its general partner, testified that the continuation of the automatic stay as it relates to the real estate at issue is essential to the debtor's rehabilitation under Chapter 11. While this particular property does not encompass the entire development, it is uncontroverted that this real estate comprises the vital and essential part thereof, the adjoining amenities being more in the nature of support facilities. This finding is further supported by both expert MAI appraisers having agreed that the highest and best usage of this land is that in which it is currently being utilized.

It must be noted that the relief sought by plaintiff and the prejudice which would ensue if there is denial of its petition is not the situation normally presented in similar requests for relief under Chapter 11 or Section 362. Here, the debtor-in-possession has commenced arrangements which, if successful, would not require the plaintiff to be within a class of creditors under and bound by the plan to be submitted, but rather would effectuate by payment in full of plaintiff's total claim the removal of plaintiff as a creditor in this proceeding, all to be achieved within a time frame not exceeding sixty (60) days.

As previously noted, § 362(d)(2) requires not only a finding that the debtor has no equity in the property, but in addition that the subject property is not necessary for an effective reorganization. Here, the proof has established that in fact the real estate in question is necessary for a hoped for rehabilitation. Additionally, the short duration necessary to determine whether the claim of United Kentucky Bank can be paid in full through the new investments and financial arrangements is not an unreasonable period of time in which to achieve, through this court's process, exact and more expeditious relief than would be achieved by the termination of the automatic stay.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

WHEREFORE, it is the opinion of the Court that plaintiff's request for termination of the automatic stay shall be denied, and that this matter shall be remanded until *March 14, 1983, at 2:00 p.m., at 413 United States Courthouse, 601 West Broadway, Louisville, Kentucky,* at which time the parties shall appear and advise the Court of the status of the new financing arrangements now under negotiation.